The Hanchulak Law Offices, P.C.
By: Gerald J. Hanchulak, Attorney I.D. 56320
345 Wyoming Ave., STE 205,
Scranton, PA 18503
Phone: (570) 319-6642

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| | : | ELECTRONICALLY FILED |
| James Bonner, | : | NO.: |
| Plaintiff, | : | Judge: |
| vs. | : | Civil Action Law: |
| Werner Enterprises, Inc. | : | |
| Defendant. | : | JURY TRIAL DEMANDED |

**<u>COMPLAINT</u>**

**AND NOW,** come the Plaintiff, James Bonner, by and through his attorneys, The Hanchulak Law Offices, P.C., and avers as follows:

**I. INTRODUCTION**

1. Plaintiff initiates this action to seek redress against Werner Enterprises, Inc. (hereinafter "Defendant"), for unlawful ADA retaliation in violation of the Americans with Disabilities Act, (hereinafter ADA), and in violation of the Pennsylvania Human Relations Act (hereinafter PHRA), and violations of other applicable laws.

**II. PARTIES**

2. Plaintiff is an adult and competent individual residing at 158 West Fell Street, Summit Hill, PA 18250.

3. Defendant, Werner Enterprises, Inc., is a foreign business corporation, authorized to do business within the state of Pennsylvania with a corporate mailing address of 14507 Frontier Road, Omaha, NE 68138, and a Pennsylvania location of 400 Boulder Dr., Breinigsville, PA 18031.

## III. JURISDICTION

4. Defendant is an "employer" within the meaning of the ADA, as it engaged in an industry affecting interstate commerce and because it maintained or maintains fifteen (15) or more employees for each working day in each of twenty or more weeks in the current or preceding calendar year.

5. Defendant is an "employer" within the meaning of the PHRA having 4 or more employees.

6. Pursuant to 28 U.S.C. § 1331 this court has original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

7. Venue in the Eastern District is proper pursuant to 28 U.S.C. § 1391 (b), as the events or omissions giving rise to the claim occurred in the District and the Defendants can be served in the District.

8. This court has supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28 U.SC. § 1367.

9. Plaintiff has exhausted his administrative remedies, having received an EEOC Dismissal and Notice of Rights on July 1, 2026, and attached hereto as **Exhibit A,** and a year or more having passed since the matter was filed with the PHRC.

## IV. FACTUAL BACKGROUND

10. On February 27, 2025, Plaintiff filed a Charge of Discrimination under the Americans with Disabilities Act with the EEOC and the PHRC arising out of his employment as Chief of Police for West Penn Township. See **Exhibit B** attached.

11. In order to mitigate his damages arising from the termination of his employment, Plaintiff acquired a Commercial Driver's License (CDL).

12. On October 31, 2025, Plaintiff spoke with a recruiter, who took his application over the phone, for a driving position with Werner Enterprises, Inc.

13. On that same day, October 31, 2025, Plaintiff received an email from Marya Barnby, a recruiter for Defendant, indicating his application for employment with Defendant had been pre-approved.

14. On November 10, 2025, after having not received any additional information, Plaintiff called Defendant inquiring about his start date. During this call, Plaintiff was informed that a decision was made by "the review board" to deny Plaintiff employment due specifically to Plaintiff's pending litigation with West Penn Township. At the time, Plaintiff had an employment discrimination case pending before the EEOC. While Plaintiff's filings with the EEOC and PHRC are not publicly accessible, there are several news articles published that describe Plaintiff's termination from and litigation with West Penn Township that are discoverable with a simple Google search of Complainant's name.

15. Plaintiff requested to speak with the review board to explain his situation and was told the only thing they can do is resubmit it back to the board.

16. As of the filing of this charge, Plaintiff has not received any further correspondence from Defendant.

**COUNT I**
**UNLAWFUL RETALIATION**

17. Paragraphs 1 through 16 above are incorporated herein by reference as if the same were set fourth fully herein and at length.

18. Plaintiff was qualified for the position for which he applied, by way of training, CDL licensure, and Defendant's pre-approval.

19. Plaintiff was pre-approved for employment as evidenced by the email he received from Defendant on October 31, 2025.

20. Plaintiff was denied employment on November 10, 2025, without any reasonable basis.

21. In fact, Defendant's rejection of Plaintiff's employment was specifically in retaliation of Plaintiff's protected activity under the ADA, as well as other laws, specifically his pending litigation against West Penn Township, as was offered to him by Defendant as the sole reason for rejecting his application.

22. The employer did not have a legitimate, non-discriminatory reason for rejecting Plaintiff's application, as is evidenced by Defendant's stated reason.

WHEREFORE, Plaintiff respectfully requests judgement in his favor and against Defendant, and an award of compensatory damages, back pay, front pay, the value of lost benefits, punitive damages, costs, attorney's fees, and such other relief as may be just, proper, and appropriate in the circumstances of this case.

**COUNT II**

**PENNSYLVANIA HUMAN RELATIONS ACT**

23. Paragraphs 1 through 22 above are incorporated herein by reference as if the same were set forth fully herein and at length.

24. The forgoing conduct by the Defendant constitutes violations of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

25. As a result of the Plaintiff's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

WHEREFORE, Plaintiff respectfully requests judgement in his favor and against Defendant, and an award of compensatory damages, back pay, front pay, the value of lost benefits, punitive damages, costs, attorney's fees, and such other relief as may be just, proper, and appropriate in the circumstances of this case.

Respectfully submitted,

THE HANCHULAK LAW OFFICES, P.C.

By: s/Gerald J. Hanchulak
Gerald J. Hanchulak, Esq.
Attorney ID PA 56320
Attorneys for Complainant

345 Wyoming Avenue, Suite 205
Scranton, PA 18503
(570) 319-6642
ghanchulak@hanchulaklaw.com